IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DECKERS OUTDOOR CORPORATION**, a Delaware Corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>**TRENDS SNJ, INC**.; and **DOES 1-10**, inclusive,<br><br>                    Defendants. | Civil Action No. 3:21-cv-01209-E |

**DEFENDANT TRENDS SNJ, INC.'S ORIGINAL ANSWER AND COUNTERCLAIM**

Defendant Trends SNJ, Inc.'s ("SNJ") by and through their undersigned counsel, answers Plaintiff Deckers Outdoor Corporation's Complaint as follows:

**NATURE OF ACTION**

1. To the extent this paragraph calls for a legal conclusion, no response is required of SNJ. SNJ denies that it is complicit or that it has performed any act constituting trade dress infringement or unfair competition.

**JURISDICTION AND VENUE**

2. SNJ admits that this Court has subject matter jurisdiction over the federally claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy. SNJ denies the substance of all alleged claims.

3. SNJ admits that this Court has personal jurisdiction over Defendant. SNJ denies the substance of all alleged claims.

4. SNJ admits that venue is proper. SNJ denies all allegations contained in this paragraph as they pertain to it, and particularly denies that it has committed any wrongful acts of infringement in Texas or elsewhere.

## THE PARTIES

5. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it.

6. SNJ admits the allegations in this paragraph.

7. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it.

## DECKERS' SANUK BRAND YOGA SLING SANDAL

8. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it.

9. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it.

10. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it.

11. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. To the extent that Plaintiff claims that the elements of its purported trade dress are "non-functional elements," SNJ denies that each of the listed elements are "non-functional."

12. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it.

13. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, each sentence in the paragraph contains only argument, to which no response is required.

14. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it.

15. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, each sentence in the paragraph contains only argument, to which no response is required.

16. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, each sentence in the paragraph contains only argument, to which no response is required.

## DEFENDANTS' INFRINGING ACTIVITIES

17. SNJ admits that it markets, distributes, and sells apparel, including footwear and that SNJ markets and sells its products via various eCommerce channels, including eBay.com under the username "jeanshoesmania."

18. SNJ denies that any product it sells infringes on any rights plaintiff claims to own.

19. SNJ admits that it offers and sells footwear, it does not sell any footwear that infringe on Plaintiff's trade dress.

20. SNJ denies that any product it sells infringes on any rights plaintiff claims to own.

21. SNJ admits that it is not licensed by Plaintiff to sell any footwear, but denies that any such "license" or "permission" would be required.

22. SNJ admits that it sells footwear, it denies all of the rest of the allegations in this paragraph.

23. SNJ denies all of the allegations in this paragraph.

24. SNJ denies all of the allegations in this paragraph.

## COUNT I
### (Trade Dress Infringement – 15 U.S.C. § 1125)

25. SNJ incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

26. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, each sentence in the paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

27. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, each sentence in the paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

28. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, each sentence in the paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

29. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, each sentence in the paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

30. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, each sentence in the paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

31. SNJ denies all of the allegations in this paragraph.

32. SNJ admits that it is not licensed by Plaintiff to sell any footwear, but denies that any such "permission" or "authorization" would be required.

33. SNJ denies all of the allegations in this paragraph.

34. SNJ denies all of the allegations in this paragraph.

35. SNJ denies all of the allegations in this paragraph.

36. SNJ denies all of the allegations in this paragraph.

## COUNT II
### (Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103)

37. SNJ incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

38. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

39. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

40. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

41. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

42. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, each sentence in the paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

43. SNJ admits that it is not licensed by Plaintiff to sell any footwear, but denies that any such "authorization" would be required. SNJ denies the rest of the allegations in this paragraph.

44. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

45. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

46. SNJ denies all of the allegations in this paragraph.

47. SNJ denies all of the allegations in this paragraph.

## COUNT III
### (Trade Dress Infringement Under Texas Common Law)

48. SNJ incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

49. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

50. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

51. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, this paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

52. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, this paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

53. SNJ denies all of the allegations in this paragraph.

54. SNJ admits that it is not licensed by Plaintiff to sell any footwear, but denies that any such "consent" would be required. Moreover, this paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

55. SNJ admits that it is not licensed by Plaintiff to sell any footwear, but denies that any such "authorization" would be required. Moreover, this paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

56. SNJ denies all of the allegations in this paragraph.

57. SNJ denies all of the allegations in this paragraph.

58. SNJ denies all of the allegations in this paragraph.

59. SNJ denies all of the allegations in this paragraph.

60. SNJ denies all of the allegations in this paragraph.

## COUNT IV
### (Unfair Competition Under Texas Common Law)

61. SNJ incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

62. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, this paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

63. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, this paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

64. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, this paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

65. SNJ denies all of the allegations in this paragraph.

66. SNJ denies all of the allegations in this paragraph.

67. SNJ denies all of the allegations in this paragraph.

68. SNJ denies all of the allegations in this paragraph.

69. SNJ denies all of the allegations in this paragraph.

70. SNJ denies all of the allegations in this paragraph.

## COUNT V

### (Misappropriation Under Texas Common Law)

71. SNJ incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

72. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

73. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, this paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

74. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, this paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

75. SNJ denies all of the allegations in this paragraph.

76. SNJ denies all of the allegations in this paragraph.

77. SNJ denies all of the allegations in this paragraph.

78. SNJ denies all of the allegations in this paragraph.

79. SNJ denies all of the allegations in this paragraph.

## COUNT VI
### (Unjust Enrichment)

80. SNJ incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

81. SNJ denies all of the allegations in this paragraph.

82. SNJ lacks sufficient information to admit or deny the allegations in this paragraph and as such, denies it. Moreover, this paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, SNJ denies the allegations in this paragraph.

83. SNJ denies all of the allegations in this paragraph.

84. SNJ denies all of the allegations in this paragraph.

85. SNJ denies all of the allegations in this paragraph.

86. SNJ denies all of the allegations in this paragraph.

87. SNJ denies all of the allegations in this paragraph.

## PRAYER FOR RELIEF

88. SNJ denies that any remedy requested by Plaintiff is supported by facts or applicable law, and requests that the Court deny all relief to Deckers.

## AFFIRMATIVE DEFENSES

89. Plaintiff has failed to state a claim upon which relief can be granted.

90. Plaintiff's claims are barred because its alleged trademarks are generic or merely descriptive, are not distinctive, have not acquired secondary meaning, and do not serve as a trademark.

91. Plaintiff's claims are barred, in whole or in part, by the doctrine of judicial estoppel.

92. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and acquiescence.

93. Plaintiff's claims are barred, in whole or in part, by its failure to police its trade dress.

94. Plaintiff's alleged damages are too speculative to be permitted.

95. Plaintiff's alleged damages were not proximately caused by the conduct of Defendant.

96. Plaintiff did not incur the damages alleged.

97. Plaintiff failed to mitigate its damages.

98. Pursuant to Fed. R. Civ. P. 8, all possible affirmative defenses may not have been alleged herein insofar as insufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Complaint, and therefore, SMJ reserves the right to amend this Answer to the Complaint to allege additional affirmative defenses, should subsequent investigation so warrant.

## COUNTERCLAIMS

99. Defendant herein file its counter-claims against Deckers, adopting the same party identification, jurisdiction, and venue allegations as Deckers has alleged, except that in these

counter-claims, SNJ is identified and referenced as the Counter-Plaintiff and Deckers is the Counter-Defendants.

## COUNT I
### (Declaration of Non-Infringement of Trade Dress)

100. SNJ incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

101. Based on the above allegations, there exists a substantial controversy of sufficient immediacy and reality to warrant declaratory relief between the parties.

102. The court should exercise its discretion pursuant to the Federal Declaratory Judgment Act and the Lanham Act to issue a declaratory judgment because there is no likelihood of confusion between SNJ's footwear and any trade dress owned by Plaintiff.

103. SNJ's footwear includes no non-functional elements that are likely to cause confusion with any non-functional element of any product sold by Plaintiff. To the extent that any similarity exists between SNJ's and Deckers' shoes, those similarities are based on functionality and/or are common design elements used by third parties such that there is no source-identification arising therefrom.

104. As a result of the acts described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and reality exists to warrant the issuance of a declaratory judgment.

105. A judicial declaration is necessary and appropriate so that SNJ may ascertain its rights with respect to any valid trade dress owned by Plaintiff.

## COUNT II
### (Declaration of Invalidity of Trade Dress)

106. SNJ incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

107. Upon information and belief, Plaintiff's threatened and purported trade dress is invalid because, *inter alia*, it does not indicate the source of a good or services, is generic, is descriptive, and/or lack secondary meaning, has been abandoned, and/or is confusing to the public.

108. Plaintiff's threatened and purported trade dress does not serve as a source-indicator due to the prevalence of third-party footwear exhibiting features claimed by Plaintiff to indicate source.

109. As such, Plaintiff's threatened and purported trade dress is not inherently distinctive as a matter of law and has not acquired secondary meaning in the minds of consumers as indicating a single source, affiliation, or sponsorship.

110. Plaintiff's threatened and purported trade dress is functional, including aesthetically function, and therefore nor protectable as trade dress.

111. Because Plaintiff does not have a valid and protectable trade dress, SNJ's advertisement, distribution, and sale of its shoes cannot constitute unfair competition or infringement of Deckers' trade dress rights.

112. As a result of the acts described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and reality exists to warrant the issuance of a declaratory judgment.

113. A judicial declaration is necessary and appropriate so that SNJ may ascertain its rights with respect to any valid trade dress owned by Plaintiff.

## PRAYER FOR RELIEF

Defendant/Counter-Plaintiff requests that the Court:

114. Issue a declaration judgment of Non-Infringement by SNJ of Deckers' Trade Dress;

115. Issue a declaration judgment of Invalidity of SNJ's Trade Dress;

116. Dismiss Plaintiff's claims with prejudice;

117. Enter a final judgment that Plaintiff takes nothing;

118. Award Defendants its costs of court; and

119. Grant Defendant all other relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

/s/ Jamshyd (Jim) M. Zadeh
Jamshyd (Jim) M. Zadeh
Texas Bar No. 22239000
Law Office of Jim Zadeh, P.C.
1555 Rio Grande Avenue
Fort Worth, Texas 76102
Telephone No: (817)-335-5100
Fax No: (817)-335-3974
Email: jim@zadehfirm.com

/s/ Alexander Chen
Alexander Chen, Esq.
CA Bar No. 245798
Theodore S. Lee, Esq.
CA Bar No. 281475
INHOUSE CO.
7700 Irvine Center Drive, Suite 800
Irvine, California 92618
alexc@inhouseco.com
tlee@inhouseco.com

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 5, 2021, a true and correct copy of Defendants' Answer was served by the Court's ECF system to all counsel of record pursuant to the Federal Rules of Civil Procedure.

                                                  /s/ Jamshyd (Jim) M. Zadeh
                                                  Jamshyd (Jim) M. Zadeh