IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DECKERS OUTDOOR CORPORATION**, a Delaware Corporation, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-cv-01209-E |
| **TRENDS SNJ, INC**.; and **DOES 1-10**, inclusive, | § § § § | |
| Defendants. | § § § | |

## JOINT STATUS REPORT

Pursuant to this Court's August 23, 2021, Order and Federal Rule of Civil Procedure 26(f) requiring the parties to confer and file a Joint Status Report, Plaintiff Deckers Outdoor Corporation and Defendant Trends SNJ, Inc. ("Trends SNJ") file this Joint Status Report and respectfully show the court as follows:

**1. A brief statement of the nature of the case, including the contentions of the parties.**

### Plaintiff's Contentions

Deckers' Sanuk® was founded in 1997 by Jeff Kelley, an entrepreneur and surfer who set out to build a backyard brand that was as much about funk as it was function, as hip as it was hippie and as humorous as it was heartfelt. In July 2011, Deckers completed the acquisition of Sanuk®, which was then and still is one of the most beloved lifestyle footwear companies that began rooted in surf culture.

Today, the Sanuk® brand is embraced by a wide range of fun-loving consumers that includes surfers, outdoor enthusiasts, yogis and many others. The Sanuk® brand is well-known

for a variety of innovative first-of-its-kind footwear products, including its Sidewalk Surfer hybrid sandal-shoe and its Yoga Sling Sandal, a sandal designed for ultra-comfort combined with a chic, unique sling design.

After discovering that Defendant was selling what Plaintiff believes to be a copy of its highly successful Yoga Sling Sandal (the "Accused Product"), Deckers filed the present action against Defendants on May 26, 2021 alleging claims of (1) trade dress infringement and unfair competition in violation of the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, et seq. (the "Lanham Act") and (2) corresponding violations of the statutory and common law of the state of Texas.

### Defendant's Contentions

The Defendant denies each and every allegation of wrongdoing set forth in the Complaint, contends that all of Plaintiff's claims are entirely without merit, and maintain that Plaintiff is not entitled to any of the injunctive, monetary or other relief requested in their complaint.

Plaintiff's allegations of trade dress infringement and unfair competition in violation of the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, et seq. is meritless. Defendant contends that Plaintiff's threatened and purported trade dress is invalid because it does not indicate the source of goods because of the prevalence of third-party footwear exhibiting features claimed by Plaintiff to indicate source. Furthermore, the threatened and purported trade dress is also generic, and/or lacks secondary meaning. Accordingly, Plaintiff's corresponding allegations of violations of the statutory and common law of the states of Texas must similarly fail for the reasons given above.

> 2. **Any challenge to jurisdiction or venue, including any procedural defects in removal if this case was removed.**

None.

**3. Any pending motions.**

None.

**4. Any matters that require a conference with the Court.**

None.

**5. Likelihood that other parties will be joined or the pleadings amended.**

No additional parties known at this time. Plaintiff may amend its Complaint to add additional parties if discovery reveals additional parties, currently unknown, that participated in the design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and/or sale of Accused Products.

**6. A statement that counsel have read the *Dondi* opinion, 121 F.R.D. 284 (N. D. Tex. 1988) (en banc) and the District's Civil Justice Expense and Delay Reduction Plan**

The parties have read the *Dondi* opinion and the District's Civil Justice Expense and Delay Reduction Plan.

**7. (a) an estimate of the time needed for discovery, (b) a specification of the subjects on which discovery may be needed, and (c) a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

Discovery may be needed on the scope, cost, and cause of alleged damages. The parties propose that factual and expert discovery be completed by August 4, 2022, and that no party be permitted to serve any discovery request that would require a response after that date. This time limit is based upon the need to conduct written discovery, depose several fact witnesses, prepare expert reports, present experts for deposition, and allow adequate time for the Parties to take discovery of any additional parties currently unknown, that participated in the design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and/or sale of Accused Products, who may be added to the Complaint.

The parties state that discovery does not need to be conducted in stages and should not be limited to or focused upon particular issues.

Plaintiff plans to conduct discovery into the following topics, which will include: (1)Facts pertaining to validity of the Yoga Sling Trade Dress; (2)Facts pertaining to whether Defendant is liable for infringement of the Yoga Sling Trade Dress, including whether or not a likelihood of confusion exists between the Yoga Sling Trade Dress and Defendant's accused products; (3)Facts pertaining to whether Defendant acted knowingly, willfully, intentionally, and/or in reckless disregard in connection with the alleged infringements; and (4)Facts pertaining to whether Deckers is entitled to monetary damages and/or equitable relief in the event Defendant is found to be liable for the claims alleged and, if so, the type and amount of such award.

8. **Any issues related to disclosure or discovery of electronically stored information including the form or forms (e.g., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced.**

The parties are not currently aware of any disputes regarding the disclosure or discovery of electronically-stored information ("ESI"). The parties agree that disclosure or discovery of ESI should be in reasonably-usable formats generated in the ordinary course of business, such as static .pdf or .tiff. images without metadata that are searchable. If production of a particular document warrants a different format, the Parties agree to cooperate in arranging for a mutually acceptable production of such documents. By this paragraph, the parties are not waiving their rights to later request metadata.

9. **Any issues relating to claims of privilege or of protection as trial-preparation material, including whether the parties agree on a procedure to assert such claims after production (if the parties have any related agreement, they should submit a proposed joint order to the Court reflecting the agreement).**

The Parties are currently unaware of any issues relating to claims or privilege. To the extent that discovery in this matter will require the production of documents containing confidential, proprietary, private, and/or sensitive information, the Parties agree to stipulate to entry of a Protective Order.

10. **What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rules, and what other limitations should be imposed.**

None at this time.

11. **Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c).**

None at this time.

12. **Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; (d) designate expert witnesses and file expert reports.**

**Deadline to Amend/Additional Parties**
The Parties propose that any motions to amend be heard on or before January 31, 2022.

**Dispositive Motions**

Plaintiff proposes September 4, 2022 as the last day for filing dispositive motions.

**Discovery Cut-Off**

Plaintiff proposes August 4, 2022 as the Discovery Cut-Off Date in this matter, including resolution of all discovery motions, in order to allow adequate time for the Parties to take discovery of any additional parties currently unknown, that participated in the design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and/or sale of Accused Products, who may be added to the Complaint.

**Expert Discovery**

The Parties agree that all expert discovery and disclosures shall be governed under Fed.

R. Civ. P. 26(a)(2).

    Plaintiff proposes the following expert discovery deadlines:

| | |
|---|---|
| Initial Expert Disclosures Due: | May 12, 2022 |
| Rebuttal Expert Disclosures Due: | June 23, 2022 |
| Expert Discovery Cut-Off/Closed: | August 4, 2022 |

13. **A proposed trial date agreed to by the parties, estimated length of trial, and whether a jury has been demanded. (The proposed trial date should be within eighteen months of the case being filed unless the parties demonstrate it is not feasible to try the case within that time. The Court operates a three-week docket beginning the first Tuesday of each month. Therefore, the parties should propose a trial date that corresponds with the first Tuesday of the agreed-upon month.)**

    The Parties' proposed trial date is November 2, 2022. The Parties agree to a Jury Trial. The Parties estimate trial will take 3-4 days. Plaintiff anticipates calling at least 3-5 witnesses at trial.

14. **Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c).**

    The Parties do not consent to a magistrate judge presiding over this action.

15. **Progress made toward settlement, and the present status of settlement negotiations (This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful.)**

    The Parties have not yet engaged in settlement negotiations.

16. **Whether mediation has taken place, and, if not, what form of alternative dispute resolution (*e.g.*, mediation, arbitration) would be most appropriate for resolving this case and when it would be most effective.**

    The Parties have not engaged in mediation. The Parties hope to settle this matter before trial and agree to participate in a mediation.

**17. Any other matters relevant to the status and disposition of this case.**

None at this time.

        Respectfully submitted,

/s/ Brent H. Blakely
Brent H. Blakely
bblakely@blakelylawgroup.com
**Blakely Law Group**
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

**ATTORNEYS FOR PLAINTIFF**

**-AND-**

By:
  /s/ Jamshyd (Jim) M. Zadeh
Jamshyd (Jim) M. Zadeh
Texas Bar No. 22239000
Law Office of Jim Zadeh, P.C.
1555 Rio Grande Avenue
Fort Worth, Texas 76102
Telephone No: (817)-335-5100
Fax No: (817)-335-3974
Email: jim@zadehfirm.com


  /s/ Alexander Chen
Alexander Chen, Esq.
CA Bar No. 245798
Theodore S. Lee, Esq.
CA Bar No. 281475
INHOUSE CO.
7700 Irvine Center Drive, Suite 800
Irvine, California 92618
alexc@inhouseco.com
tlee@inhouseco.com

**ATTORNEYS FOR DEFENDANT**