IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DECKERS OUTDOOR CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-CV-1209-E |
| TRENDS SNJ, INC.; and DOES 1-10, Inclusive | § § § § | |
| Defendants. | § | |

## SCHEDULING ORDER

## I. SUMMARY OF CRITICAL DATES

| | |
|---|---|
| Deadline for Joint Report on Mediator (¶ 6) | January 20, 2022 |
| Deadline for Motions for Leave to Join Parties or Amend Pleadings (¶ 2) | January 31, 2022 |
| Plaintiff's Expert Designation & Report (¶ 4 a) | May 12, 2022 |
| Defendants' Expert Designation & Report (¶ 4 b) | May 12, 2022 |
| Rebuttal Expert Designation (¶ 4 c) | 30 days after disclosure made by other party |
| Deadline for Expert Objections (¶ 4 d) | September 4, 2022 |
| Deadline for Completion of Mediation (¶ 6) | August 4, 2022 |
| Deadline for Dispositive Motions (¶ 3) | September 4, 2022 |
| Deadline for Completion of Discovery (¶ 5) | August 4, 2022 |
| Deadline for Pretrial Disclosures and Objections (¶ 7) | September 2, 2022; objections due 14 days thereafter |
| Deadline for Pretrial Materials (¶ 8) | October 3, 2022 |
| Settlement Conference (¶ 10) | Ten days prior to the pretrial conference |
| Exchange of Exhibits (¶ 9) | Two days prior to the pretrial conference |

| Pretrial Conference (¶ 9) | November 1, 2022 at 10:00 AM |
| Trial Date (¶ 1) | November 2, 2022 |

## II. SCHEDULING INSTRUCTIONS

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and the local rules of this Court (except as modified herein), the Court, having considered the joint preliminary report submitted by the parties, finds that the following schedule should govern the disposition of this case:

Unless otherwise ordered or specified by this Order, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed. And unless otherwise noted, all references to Rules in this Order refer to the Federal Rules of Civil Procedure. **The parties must seek leave of Court to amend any deadline in this order.**

1. **Trial Date:**  This case is **set for a jury trial** on this Court's three-week docket beginning **November 2, 2022**.  Counsel and the parties shall be ready for trial on **two days'** notice at any time during this three-week period.  Any potential conflicts must be called to the attention of the Court **in writing** within **ten days** from the date of this Order.  If this case involves a significant number of out-of-state witnesses, the parties may request a more definite trial date from the Court. On trial days, the lawyers and any witnesses who may testify that day should be present in court each day by 8:00 am.

2. **Joinder of Parties or Amendment of Pleadings**: By **January 31, 2022,** motions for leave to **join** additional parties or **amend** pleadings shall be filed.  The parties must comply with Rule

2

15(a). The Plaintiff shall attach as an exhibit to any Amended Complaint a redlined version of the Complaint.

3. **Dispositive Motions:** By **September 4, 2022**, all motions that would dispose of all or any part of this case (including motions for **summary judgment**) shall be filed.

4. **Experts:**

   A. **Designation of Expert(s) by Plaintiff:** Unless otherwise permitted by the Court, the plaintiff shall file a written designation of the name and address of each case-specific expert witness who will testify at trial for the plaintiff and shall otherwise comply with Rule 26(a)(2) on or before **May 12, 2022**.

   B. **Designation of Expert(s) by Defendant or Third Party:** Each defendant or third party shall file a written designation of the name and address of each case-specific expert witness who will testify at trial for that defendant or third party and shall otherwise comply with Rule 26(a)(2) on or before **May 12, 2022**.

   C. **Rebuttal Expert(s):** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) shall be made shall be made within **30 days** after the disclosure made by the other party.

   D. **Challenges to Experts:** The parties are directed to file any objections to, or motions to strike or exclude expert testimony (including *Daubert* motions), no later than **September 4, 2022.**

5. **Completion of Discovery:** By **August 4, 2022**, all discovery—including discovery concerning expert witnesses—shall be completed.

Any motion to compel discovery or for a protective order must be filed by the later of: (1) 14 days before the completion-of-discovery deadline; or (2) 10 days after the discovery response at issue was served or due to be served. Any other motions that are related to discovery but do not seek to compel or avoid as-yet uncompleted depositions, service of discovery responses, or

production of documents or electronically stored information must be filed by 3 days after the completion-of-discovery deadline.

Any motion to quash or for protective order relating to a deposition that is filed less than five days before the scheduled or noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

6.     **Mediation:**  The parties shall file a Joint Report informing the Court of their choice of an agreed-upon mediator or of their inability to agree upon a mediator 35 days from the date of this order. In the event the parties are unable to agree on a mediator, the Court will appoint one for them.  At that time, a separate Mediation Order will be issued, discussing the guidelines and requirements of the mediation. The parties shall mediate their case by **August 4, 2022**.

7.     **Pretrial Disclosures and Objections:** Unless otherwise directed by order, the parties must make the disclosures required by Rule 26(a)(3)(A)(i)–(iii) by **September 2, 2022**. Within **14 days thereafter**, a party must serve and file a list disclosing any objections, together with the supporting grounds, to: (1) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (2) the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (3) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i),[1] if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal

---

[1] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A)(i) is a modification of the requirements of Rule 26(a)(3)(B), which requires only that the parties file objections to deposition designations and exhibits.

Rules of Evidence, are waived unless excused by the Court for good cause. Responses to objections, if any, should be filed within 14 days of the date of the filing of the objections.

8.      **Pretrial Materials:** By **October 3, 2022**, the following pretrial materials shall be filed:

   A.      **Joint Pretrial Order:** Plaintiff's attorney shall submit a joint pretrial order that covers each of the matters listed in Local Rule 16.4 and states the estimated length of trial and whether the case is jury or non-jury. Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is not an excuse for submitting separate pretrial orders. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the court can impose sanctions, if appropriate). When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

   B.      **Motions in Limine:** Parties may file motions in limine on discrete topics (no subparts) that are actually in dispute. Good faith compliance with the conference requirements of Local Rule 7.1 will help to narrow issues that are *actually* in dispute. Motions in limine that contain boilerplate requests or cover undisputed issues will be stricken.

   C.      **Jury Instructions:** Each party shall submit requested jury instructions (annotated).[2] Each party shall also send a Word version to Brown_orders@txnd.uscourts.gov.

   D.      **Proposed Findings of Fact and Conclusions of Law (annotated)**[3]**:** In a non-jury case, each party having the burden of persuasion on an issue shall file proposed findings of fact and conclusions of law. Within **five days** thereafter, any opposing party shall serve its

---

[2] "Annotated" means that *each* proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority and/or pattern instructions. It is not sufficient to submit a proposed instruction or conclusion of law without citation to supporting authority. The parties should—to the extent possible—rely on the Fifth Circuit pattern instructions or, in their absence, Fifth Circuit and Supreme Court cases in proposing jury instructions. If state law is at issue, the applicable state authority should be cited.

[3] *See supra* note 2.

proposed findings and conclusions (annotated)[4] on that issue, numbered in paragraphs corresponding to those earlier filed. *This requirement modifies Local Rule 52.1.*

E.     **Voir Dire:** The Court will ask some general questions, but the attorneys will conduct most of voir dire.  If the parties would like the Court to ask the jury panel any specific questions, they shall file proposed voir dire questions.

F.     **Trial Briefs:** Each party may file trial briefs. In the absence of a specific order of the Court, trial briefs are not required but are welcomed if a party believes it would help the Court. The briefing should utilize Fifth Circuit and/or Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

**NOTE**: Deadlines in this order regarding pretrial materials are dates for **filing** or **delivery**, **not mailing** dates.

9.     **Pretrial Conference:** A pretrial conference in the case is set for **November 1, 2022 at 10:00 AM**. Lead counsel for each party must attend; if the party is proceeding *pro se*, the party must attend. Fed. R. Civ. P. 16(e). Lead counsel and *pro se* parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be heard at that time and procedures for trial will be discussed.

**By no later than two days before the Pretrial Conference, the following final pretrial materials shall be submitted.** Given that these final pretrial materials are due very shortly before the trial date, they should reflect the parties' best efforts to: (1) determine those exhibits, witnesses, and deposition designations that they are most likely to actually use at trial; and (2) reach agreement on the admission of that evidence.

---

[4] *Id.*

A. **Exchange of Exhibits**: Counsel for each party intending to offer exhibits shall exchange a complete set of marked exhibits (including demonstrative exhibits) with opposing counsel and shall deliver to the Court's chambers one hard copy and one digital copy on a flash drive, of the marked exhibits (except for large or voluminous items that cannot be easily reproduced). The documents or things to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list and shall identify the party submitting the exhibit. *This requirement modifies Local Rule 26.2(a).*

B. **Witness Lists:** Each party shall file a **list of witnesses** that: (1) divides the persons listed into groups of "**probable witnesses**," "**possible witnesses**," "**experts**," and "**record custodians**"; and (2) provides:

   **(i)** the **name and address** of each witness;

   **(ii)** a **brief narrative summary** of the testimony to be covered by each witness;

   **(iii)** whether the witness has been **deposed;** and

   **(iv)** the **expected duration** of direct or cross-examination of the witness.[5]

*This requirement modifies Local Rule 26.2(b).*

C. **Exhibit List and Deposition Testimony Designations:** Each party shall file a list of exhibits (including demonstrative exhibits) and a designation of portions of depositions to be offered at trial. **The Court expects the parties to confer and agree to admit the majority of their exhibits and deposition designations before trial.** The Court also expects the parties to cooperate in preparing the written statements referenced below.

The list of exhibits shall describe with specificity the documents or things in numbered sequence and shall be accompanied by a written statement signed by counsel for each party, stating that, as to each exhibit shown on the list:

   **(1)** the parties agree to the admissibility of the exhibit; or

---

[5] Under Rule 16(c)(2)(O) and Section VII of the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan, the Court may impose a reasonable limit on the time allowed for presenting evidence in this case. *See* Fed. R. Civ. P. 16(c)(2)(O) advisory committee's note to 1993 amendment (explaining that courts should ordinarily impose time limits only after receiving appropriate submissions from the parties).

>   **(2)**   the admissibility of the exhibit is objected to, identifying the nature and legal basis of any objection to admissibility and the name(s) of the party or parties urging the objection.

Counsel for the party proposing to offer an exhibit shall be responsible for coordinating activities related to preparing the written statement for the exhibit. The Court may exclude any exhibit offered at trial unless a statement regarding the exhibit has been filed in a timely manner.

Each party will be expected to present the list of that party's exhibits to which no objection will be lodged (pre-admitted) at the **pretrial conference**.[6] The parties should be prepared at the Pretrial Conference to identify for the Court, and to focus on, any outstanding objections to that evidence that they are most likely to use at trial (*e.g.*, by asking the Court to rule on objections to only the 20 most pertinent exhibits to be used out of the 200 exhibits submitted as part of the Pretrial Disclosures of paragraph 7 above).

10.   **Settlement Conference and Status Report:**

>   **A.**   **Settlement Conference:** At least **ten days** before the pretrial conference, the parties and their respective lead counsel shall hold a **face-to-face meeting** to discuss settlement of this case. Individual parties and their counsel shall participate **in person**, not by telephone or other remote means. All other parties shall participate by a representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at, and participate in, the meeting in person, not by telephone or other remote means. At this meeting, the parties shall comply with the requirements of Local Rule 16.3.
>
>   **B.**   **Joint Settlement Report:** Within **seven days** after the settlement conference, the parties shall jointly prepare and file a written report, which shall be signed by counsel for each party, detailing: (1) the date on which the meeting was held; (2) the persons present (including the capacity of any representative); (3) a statement as to whether meaningful

---

[6] This does not change the sequential manner in which each side should number its exhibits. In other words, a party should not separately number its exhibits in "objected to" and "unobjected to" categories.

progress toward settlement was made; and (4) a statement regarding the prospects of settlement.

11. **Modification of Scheduling Order:** As addressed above, this Order controls the disposition of this case unless it is modified by the Court on a showing of **good cause** and by **leave of court**. Fed. R. Civ. P. 16(b)(4). Any request that the **trial date** of this case be modified must be made: (1) in writing to the Court; (2) before the deadline for completion of discovery; and (3) in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan ¶ V and Local Rule 40.1, which requires that motions for continuance be signed by the party as well as by the attorney of record.

12. **Sanctions:** Should any party or counsel fail to cooperate in doing anything required by this Order, the party or counsel—or both—may be subject to sanctions. If the *plaintiff* does not timely file the required (or other) pretrial material, then the case will be dismissed. If the *defendant/third party* does not timely file the required (or other) pretrial material, then a default will be entered or the defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). Failure to list a witness, exhibit, or deposition excerpt as required by this Order shall be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal shall be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

13. **Court Specific Filing Procedures:** Proposed orders must be submitted via email in a Word-compatible format as instructed in the CM/ECF system's "Proposed Orders" Event. The proposed

orders must be emailed to: **Brown_orders@txnd.uscourts.gov** and include the case number and the document number of the referenced motion in the subject line. Make sure to "cc" opposing counsel.

14. <u>**Inquiries by Email and Telephone:**</u> Questions about this Scheduling Order or any other matters related to this case should be directed by email to the Court at **Cynthia_Thornton@txnd.uscourts.gov.** If you choose to email the Court, include the case name and number, as well as your name and number. *Also, make sure to "cc" opposing counsel* on your email to the Court. If you do not "cc" opposing counsel, you will not receive a response to your email.

<u>*Please note*</u>*:* If Realtime or daily copy is being requested, the Court requires the parties to notify the court reporter, Nikki Barr, at **Nikki_Barr@txnd.uscourts.gov** at least two weeks in advance of such request; otherwise, the service will not be available.

**SO ORDERED**; signed December 16, 2021.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE